**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------- x
RADAMES DURAN,
on behalf of himself and all others similarly situated,

        Plaintiff,

      - against -

LA BOOM DISCO INC,

        Defendant.
---------------------------------------------------- x

Case No.

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff RADAMES DURAN, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, as for his Complaint against the Defendant, alleges the following based upon personal knowledge as to himself and his own actions, and, as to all other matters, respectfully alleges, upon information and belief, as follows (Plaintiff believes that substantial evidentiary support will exit for the allegations set forth herein after a reasonable opportunity for discovery):

## NATURE OF ACTION

1. This action is brought by Plaintiff RADAMES DURAN on behalf of himself and all consumers in the United States who have received unsolicited and unconsented-to commercial text messages to their mobile phones from LA BOOM DISCO INC. (herein

1

"Defendant" or "La Boom") in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because this action arises out of a violation of federal law - 7 U.S.C. § 227(b). *See Mims v. Arrow Fin. Serv.*, LLC 132 S. Ct. 740 (2012).

3. Venue is proper in this District under 28 U.S.C § 1391 because Defendant's violation of the Telephone Consumer Protection Act (TCPA) took place in this District, where Plaintiff DURAN received an unlawful text message from Defendant.

## PARTIES

*Plaintiff*

4. Plaintiff DURAN is a citizen of the state of New York and a resident of Queens County.

*Defendant*

5. Defendant LA BOOM is a Latin nightclub with dancing to DJs and live music, cocktails and theme nights located at 56-15 Northern Bouvard, Woodside, New York, 11377 with the address for service of process listed as 9517 32nd Avenue, East Elmhurst, New York, 11369 in Queens County.

## FACTUAL ALLEGATIONS

### The Telephone Consumer Protection Act

6. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, was enacted by Congress in 1991 and is implemented by the Federal Communications Commission ("FCC"). In its June 18, 2015 Declaratory Ruling and Order ("2015 TCPA Order"), the FCC explained the original purposes of the TCPA:

As its very name makes clear, the Telephone Consumer Protection Act is a broad "consumer protection" statute that addresses the telemarketing practices not just of bad actors attempting to perpetrate frauds, but also of "legitimate businesses" employing calling practices that consumers find objectionable... The TCPA makes it unlawful for any business—"legitimate" or not—to make robocalls that do not comply with the provisions of the statute. While the Commission has traditionally sought to "reasonably accommodate[] individuals' rights to privacy as well as the legitimate business interests of telemarketers,"..., we have not viewed "legitimate" businesses as somehow exempt from the statute, nor do we do so today.

2015 TCPA Order ¶ 2 n.6

7. The 2015 TCPA Order also explained the continuing relevance of the TCPA, especially in connection with wireless consumers:

Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission. The Telephone Consumer Protection Act (TCPA) and our rules empower consumers to decide which robocalls and text messages they receive, with heightened protection to wireless consumers, for whom robocalls can be costly and particularly intrusive... With this Declaratory Ruling and Order, we act to preserve consumers' rights to stop unwanted robocalls, including both voice calls and texts, and thus respond to the many who have let us, other federal agencies, and states know about their frustration with robocalls.

2015 TCPA Order ¶ 1

8. The TCPA makes it "unlawful for any person... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a paging service, cellular telephone service... or any service for which the called party is charged for the call..." 47 U.S.C. § 227(b)(1)(A)(iii).

9. "Prior express content" requires

an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

3

47 C.F.R. § 64.1200(f)(8)

10. In addition, the written agreement must include a clear and conspicuous disclosure informing the signer that:

   By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice;

   § 64.1200(f)(8)(i)(A)

   and

   The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

   § 64.1200(f)(8)(i)(B)

11. The 2015 TCPA Order reaffirmed the FCC's longstanding position that text messages qualify as "calls" under the TCPA. ¶107.

12. Additionally, the 2015 TCPA Order confirmed that text messages which originate from the Internet fall within the ambit of the TCPA's prohibitions. The text and legislative history of the TCPA revealed "Congress's intent to give the Commission broad authority to enforce the protections from unwanted robocalls as new technologies emerge." ¶113

**Defendant Violated the TCPA**

13. In October 2015, Plaintiff DURAN visited La Boom's Facebook page and saw a similar flyer to the one below, advertising free admission by texting the provided number:



14. La Boom continuously posts such flyers on its website and circulates them throughout social media on a regular basis.

15. Defendant DURAN texted the provided number in the hopes of gaining free admission; however, he began receiving unsolicited frequent texts over the next two years about events happening at La Boom.

16. Most recently, on October 24, 2017 at 2:41pm, Plaintiff DURAN received the following text message from Defendant:

5




545454

Wednesday, October 18, 2017



Saturday Oct 28th Performing LIVE TEGO Calderon, FATJoe, TITO El Bambino, NORIEL, LITO, DjProStyle, DjLobo
Buy tickets now: 718-204-2069
bit.ly/RGHorrorFest    4:49 PM

Tuesday, October 24, 2017

Saturday Oct 28th Performing LIVE TEGO Calderon, FATJoe, TITO El Bambino, NORIEL, LITO, DjProStyle, DjLobo
Buy tickets now: 718-204-2069
bit.ly/RGHorrorFest    2:41 PM





17. This unsolicited marketing text was sent to Plaintiff DURAN's cellular phone through an automated telephone dialing system for the sole purpose of promoting Defendant's services. The underlining of the phone number as well as the link to purchase tickets indicates that these were inserted by a computerized system to send the same message to multiple parties.

18. Defendant sent similar unsolicited marketing texts using an automated telephone dialing system to many other similarly situated persons, who likewise never consented to receiving them.

## CLASS ACTION ALLEGATIONS

19. Plaintiff DURAN seeks to represent a class consisting of:

    All persons in the United States who, beginning four years prior to the filing of this action, received unsolicited text messages to their cellular phones from Defendant's automated telephone dialing system, without providing Defendant with their prior express consent. (the "Class")

20. The proposed Class excludes current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

21. Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

22. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of members of the proposed Class is unknown to Plaintiff at this time and can only be ascertained through the appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class. Other members of the Class may be identified from records maintained by Defendant or by their own record of text messages. These members may be notified of the pendency of this action by mail, or by advertisement, using the form of notice customarily used in class actions such as this.

23. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

24. Plaintiff will fairly and adequately protect the interests of the members of the Class because Plaintiff has no interests antagonistic to those of the other members of the Class. Plaintiff has retained experienced and competent counsel.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Members of the proposed Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were not available, Defendant would likely be able to persist in its unlawful conduct with impunity.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the common questions of law and fact to the Class are:
    a. whether Defendant sent unsolicited marketing text messages to cellular phones belonging to Plaintiff and the Class;
    b. whether Defendant used an automated telephone dialing system to do so;
    c. whether text recipients provided their prior express consent;
    d. whether defendant's conduct was intentional or negligent; and
    e. whether Plaintiff and the Class are entitled to damages for Defendant's conduct.
    f. The membership of the Class is readily ascertainable from electronic records.

27. The prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims

in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.

29. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

30. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all members of the Class, although certain members of the proposed Class are not parties to such actions.

32. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227 *et seq.*)**

33. Plaintiff DURAN realleges and incorporates herein by references the allegations contained in all preceding paragraphs and further alleges as follows:

34. Plaintiff DURAN brings this claim individually and on behalf of the other members of the Class for Defendant's violations of the TCPA.

35. Defendant directly or vicariously violated the TCPA when it used an automated telephone dialing system to send unsolicited and unauthorized marketing texts to the cellular phones of Plaintiff and the Class.

36. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> **(1)** Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
> 
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> 
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or
> 
> **(C)** both such actions.

37. Additionally, the TCPA provides that the Court may, at its discretion, treble the statutory damages if it finds that Defendant's violation was willful or knowing. 47 U.S.C. § 227(b)(3)

38. Defendant's violations of the TCPA were willful and knowing. But it is liable to Plaintiff and the Class even if they were only negligent.

39. Defendant should also be enjoined from engaging in similar unlawful conduct in the future.

40. Accordingly, Plaintiff and the Class are entitled to all damages referenced herein, attorney's fees, costs, treble damages, injunctive relief, and any other remedies allowed by the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

(B) For an Order declaring that Defendant's conduct violates the TCPA;

(C) For an Order finding in favor of Plaintiff and members of the Class;

(D) For statutory or treble damages for each violation of the TCPA, as determined by the evidence presented at trial;

(E) For prejudgment interest on all amounts awarded;

(G) For an Order enjoining Defendant from further violations of the TCPA;

(H) For an Order awarding Plaintiff and members of the Class their reasonable attorney's fees and expenses and costs of suit; and

(I) For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Dated: October 31, 2017

**Respectfully submitted,**

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

 /s/ C.K. Lee
By: C.K. Lee, Esq.