UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RADAMES DURAN,

                        Plaintiff,

         -against-

LA BOOM DISCO, INC.,

                        Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
17 CV 6331 (ARR) (CLP)

**POLLAK**, United States Magistrate Judge:

Plaintiff Radames Duran filed this putative class action against defendant La Boom Disco, Inc. on October 31, 2017, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (See generally Compl., Oct. 31, 2017, ECF No. 1). In recent filings, and during the telephone conference held on June 13, 2018, the defendant has raised the issue of plaintiff's relationship with his counsel, suggesting a potential conflict of interest that merits disqualification. (See, e.g., Minute Entry, June 13, 2018, ECF No. 29).

Specifically, the defendant argues that:

> The Plaintiff has testified that he was hired by the Lee Litigation Law Firm [sic] in 2017, after answering a help wanted [ad], seeking a Spanish speaking para[]legal. The Plaintiff is currently employed at this firm. The Plaintiff is a high school graduate who speaks Spanish but is not trained or certified in paralegal work.
>
> I wish to depose the partner who recruited Plaintiff, to ascertain the Law Firm[']s motives (as evidenced by prior lawsuits filed by this firm,) in hiring an unskilled paralegal; who had an unfiled 'pending' possible TCPA claim against my client, in order to determine and develop facts which may be relevant, and to determine whether this civil matter was a product of collusion, and [or] solicitation by this firm which would if true, violate the ethical norms of practice.

(Def.'s Letter at 2, June 1, 2018, ECF No. 28).

1

Plaintiff counters by explaining that:

> Plaintiff Duran is employed as a paralegal in the office of his counsel, Lee Litigation Group, PLLC. Defendant has described this as "disturbing." Yet by Defendant's own admission, Plaintiff received his first marketing text message from Defendant in March 2016, nearly a year and a half before he was hired at the Lee Litigation Group in August 2017. The firm had already been involved in other TCPA litigation prior to this point. While learning about the TCPA in the course of his official duties, Plaintiff Duran discovered that his rights had been violated by Defendant, who was then unknown to Plaintiff's counsel. At this point, it was natural—and not at all "disturbing"—that Plaintiff Duran would bring his case to attorneys he trusted and who were familiar with the TCPA.

(Pl.'s Letter at 1, May 31, 2018, ECF No. 27).

Based on the letters, the Court is unable to discern any conflict or other basis on which to disqualify plaintiff's counsel. The Court is unaware of any rule that makes it improper for a law firm to represent its employee in circumstances such as these, and the defendant has not cited a single rule or case in support of its contentions.[1] Moreover, the defendant has offered only sheer speculation, which is an insufficient showing for the Court to permit further inquiry. Similarly, such speculation is insufficient to satisfy defendant's burden under Rule 26 of showing that the proposed deposition of the partner who hired the plaintiff is relevant and proportional to the needs of this TCPA case. See Fed. R. Civ. P. 26(b)(1).

If defendant truly believes there is a valid conflict that would disqualify plaintiff's counsel from representing plaintiff in this action, the defendant may file a letter motion setting

---

[1] Rule 23(g) of the Federal Rules of Civil Procedure is not applicable because plaintiff has not moved to certify a class. See Fed. R. Civ. P. 23(g)(1). Moreover, that Rule does not prohibit an individual plaintiff from being represented by counsel of his or her choice, but instead governs the Court's decision to appoint counsel to represent the interests of unnamed class members. See Fed. R. Civ. P. 23(g)(1)-(4).

2

forth the factual and legal bases, along with supporting case law, that would merit disqualification, or even further inquiry into the matter. Based on the facts currently before the Court, however, defendant's request is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 13, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York